Good morning. Amitai Schwartz appearing on behalf of the appellant James Branch. Aside from the correction of the judgment, which is a very small issue, the single issue in this case is whether the sentence that Mr. Branch received at the district court was reasonable. So given this single issue, I'm going to be brief with my remarks. The first question is jurisdiction. The government contested jurisdiction to hear the appeal. That issue was resolved in the United States v. Plouffe, as we pointed out in our reply brief. The single question then becomes whether, in light of Booker, the 200-month sentence, 17 years, that was given to Mr. Branch was a reasonable sentence. We contend, as the defendant did in the district court, that 132 months would have been the reasonable sentence, which would have been 11 years. And that's based predominantly on the history and characteristics of the defendant. As the Court undoubtedly is aware, this particular defendant had a horrific upbringing, both in Detroit and then later in Oakland, in Detroit with his mother, who beat him, who was a drug dealer. Kennedy, didn't the judge give a lot of credence to that? The 140 months is really down quite a lot from what the sentence otherwise would have been. He did. He did. In fact, I was surprised that he's appealing. Well, commendably, commendably so. He did depart, and he departed to the 140 months on the first count of the indictment, which was in line with what the Probation Department recommended in the PSR. I guess with some turnover, there would be some risk of a higher sentence if it went back. That's correct, Your Honor. We're asking for a limited remand with respect to the reasonableness of the sentence on the basis of the record as it was created at the district court level. You don't contend that the district court judge didn't consider the relevant statutory sentencing factors, correct? No, I do not. He did. Your quarrel is with how much weight he gave to any one factor. That's correct. The quarrel is that under Booker, the standard is reasonableness. We've had one judge determine his look at this record and look at the history and characteristics of this defendant, compare this defendant to a co-defendant, Mr. Jamerson, who received 132 months, and the district judge said the 200 months was reasonable. We now have he's got a right to appeal. He's appealing it to three judges now. Didn't the district court, though, he consulted or looked to the guidelines, correct? Saw what the guidelines range was. He did. Considered the probation officer's report and recommendation and all the information contained in there. Looked at the 3553 factors. Went through all of them. Gave a pretty clear explanation about what he was doing. And then, in his judgment, thought that 200 months was the total of 200 months was the appropriate sentence here. I don't know what more you'd want the district court judge to do other than to give him. Well, procedurally, we're certainly not contending that the district court did not consider the sentence in the appropriate manner. In other words, he consulted the guidelines. He recited the Section 353a factors. He did more than that. He went to the next one. He did. I don't quarrel with that. And I my only argument is that this Court is in a position to assess the same record  that he's going to be serving at least, under my contention, 11 years. Let's say we are. Yes. I fundamentally do not understand what the argument is for why the sentence imposed was unreasonable and a lower one would be reasonable. I can imagine reasons that go in both directions. I can imagine the reason with a childhood like this one, give the guy a break. He really could not have been expected to do better. I can imagine an argument in order to back up your probation officer, you shouldn't go any higher than the PSR. I can imagine an argument with a childhood like this one and a criminal history like this one, this fellow is going to be trouble for society until he dies. Give him a longer sentence. Keep him off the streets. Not much hope. I can imagine all those arguments. I cannot understand what the argument is that the trial judge was unreasonable. Lay it out for me in a sentence or two. The the I think the principal issue is the comparison with Mr. Jamerson. And Mr. Jamerson, as the PSR notes, was the mastermind of this particular robbery. He was the expert. He was the expert. I don't know mastermind in the sense of organizer and director so much as expert consultant. It sounded like your fellow wanted to rob a bank, didn't know all the ins and outs of how to do it, and this was an expert consultant that he brought in. Who is sitting in the in the getaway car sort of directing things as the director. He ends up with 132 months. Mr. Mr. Branch, who goes into the bank, ends up with 200 months. The best argument I think I can give as to why it's unreasonable is that that comparison under Section 353.6, which talks about talks about disparity of sentences, and then also 353, which talks about giving a just sentence in one that's commensurate with the seriousness of the offense. Now I understand. Thanks. Thank you. May it please the Court. My name is Maureen Bissette, and I represent the United States, the appellee here. Your Honors, the district court judge accurately calculated the guidelines, and there is no dispute by the parties here to that. The district court judge then examined and analyzed and carefully balanced the goals and factors of Section 355.3a and came out with what the district court judge believed, and which is a reasonable sentence for a defendant with this particular criminal history, this particular background, and the particular underlying facts of the crime here before the Court of 200 months, granting the defendant a 122-month decrease in his sentence because of his extraordinary childhood abuse. And that, Your Honors, is a reasonable sentence based on all the factors, and the government would ask the Court here to affirm that. What about the comparison with the other defendants? Your Honor, the district court judge addressed that in the court below and stated that Mr. Jamerson did not go into the bank, Mr. Jamerson did not possess a gun, and therefore, his sentence was 132 months. Had he possessed a gun, he would have also gotten the consecutive 60-month sentence that Defendant Branch here obtained. And he did not get the two-point bump for having a gun because, again, he was not in the bank. He was actually at a pretty far distance from the bank. It says across the street, but in the factual underlying record, it was up a hill about 200 yards from the court. So the court discussed that. Jamerson got a different sentence than the Defendant here, Branch, because of those particular facts. Jamerson knew, though, that, as Judge Kleinfeld said, he was like the expert consultant here on how to rob a bank. That's correct, Your Honor. And spoke about the appropriateness of having a gun and what kind of gun to have and whatnot. He did, Your Honor. He well knew that the gun was that they had a gun. Well, again, that would be something that the government would have to prove at trial. And here, the factors were that he was quite some distance from the bank, whereas the van pulled up right in front of the bank and the individuals went in. And at the time of this particular sentence, the government did not have any cooperation for Mr. Jamerson. Okay. If there are no further questions, Your Honors, the matter is submitted. I can't remember. Did Jamerson plead and cooperate? Is that what happened? He did not cooperate. None of the defendants did. He ended up pleading in February of 2005, several months after the defendant here pled guilty on the eve of trial. Was there a gun enhancement charge? If you remember. I don't remember, Your Honor. Okay. Thank you. Thank you, counsel. Thank you, counsel. United States v. Branch is submitted. Burton v. Blanks is submitted. Estep v. Canberra is submitted. And we'll hear Dela Certa v. Schwartz.
judges: Hug, Kleinfeld, Paez